UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22509-RAR

**JONH HOFFNER ACEVEDO TOVAR**,

    Plaintiff,

v.

**ALEJANDRO MAYORKAS, Secretary of the
U.S. Department of Homeland Security**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on Defendants' Response to Order to Show Cause, [ECF No. 11], entered on October 18, 2024; Plaintiff's Reply to Defendants' Response to Order to Show Cause, [ECF No. 14], entered on November 3, 2024; and Defendants' Sur-Reply to Plaintiff's Reply to Defendants' Response to Order to Show Cause, [ECF No. 17], entered on November 12, 2024.

On July 1, 2024, Plaintiff filed a Complaint "to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on a Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485") that ACEVEDO filed on or about August 12, 2019." Compl., [ECF No. 1] at ¶ 1. USCIS adjudicated Plaintiff's Application and on October 18, 2024, USCIS issued its Decision. *See* [ECF No. 11-1]. Consequently, Defendants assert this case is moot as there is no longer a live controversy since the I-485 Application on which the Complaint is based has been adjudicated. *See generally* [ECF No. 11].

Plaintiff, however, contends that the case is not moot because USCIS's denial was arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act (APA) because its reliance on insufficient notices and procedural errors failed to meet the standard for a fair adjudication. *See generally* [ECF No. 14]. In their sur-reply, Defendants argue that this Court lacks the subject-matter jurisdiction required to review Plaintiff's arguments—which they argue is a collateral attack—and rebut those arguments on the merits. *See generally* [ECF No. 17].

Federal courts only have subject matter jurisdiction over "cases or controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing U.S. CONST. art. III, § 2). If the issues presented in a suit "are no longer 'live' or the parties lack a legally cognizable interest in the outcome" then the case is moot and can no longer "be characterized as an active case or controversy." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal citations omitted). The plaintiff has the burden of proving jurisdiction exists over a case. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Here, because Plaintiff's application has been adjudicated, there is no live controversy and as such, this Court has no jurisdiction due to mootness. *See Bathazi v. U.S. Dep't of Homeland Sec.*, 667 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009) (explaining "there is no longer any live controversy remaining for th[e] Court to consider" once the petition has been adjudicated).

Regarding Plaintiff's collateral attack, this Court also lacks subject-matter jurisdiction. USCIS's denial of Plaintiff's adjustment application cites INA § 245(a) in its denial. "Under INA § 245(a), the status of certain aliens admitted or paroled into the United States '*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of' a lawful permanent resident under certain circumstances." *Usmani v. U.S. Att'y Gen.*, 483 F.3d 1147, 1150 (11th Cir. 2007) (citing INA § 245(a), 8 U.S.C. § 1255(a)). Applications for adjustment status are controlled by 8 U.S.C. § 1255, and § 1252(a)(2)(B)(i) provides that "no court

shall have jurisdiction to review--(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255." Accordingly, "§ 1252(a)(2)(B)(i) clearly deprives the District Court of subject matter jurisdiction." *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856, at *3 (11th Cir. Mar. 20, 2023). This Court cannot review USCIS's denial of Plaintiff's adjustment application by the plain terms of the statute.

Accordingly, the Court having reviewed the record and relevant law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** the case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of November, 2024.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**